# CHARLESTON.

CAMPBELL *et al.* v. BOARD OF EDUCATION, ETC. *et al.*

Submitted January 23, 1917.   Decided January 30, 1917.

> SCHOOLS AND SCHOOL DISTRICTS—*Establishment of High Schools—Statutes.*
>
> Under section 28, chapter 45, Code 1913, boards of education in school districts having located therein towns, villages, or densely populated neighborhoods, and having four or more schools in the same building, might establish and maintain high schools therein without first complying with the provisions of section 30, of said chapter.

Appeal from Circuit Court, Ohio County.

Suit by George W. Campbell and others against the Board of Education of Triadelphia District, Ohio County, and others. Decree for plaintiffs, and defendants appeal and move to reverse the decree.

*Decree reversed, and cause remanded.*

*D. A. McKee* and *J. B. Handlan,* for appellants.

*Joseph Handlan,* for appellees.

MILLER, JUDGE:

On motion to reverse the decree, defendants complain that the court below, on their motion, refused to dissolve the preliminary injunction, restraining and enjoining them from establishing what is described in the pleadings and decree as the Triadelphia District High School, and from doing or performing any acts on the assumption that such high school has been legally established, until the further order of the court, or until the said Board of Education of Triadelphia District, Ohio County, "shall prepare and sign a notice setting forth the kind of high school proposed, the estimated expenses of establishing the same, including cost of site, building, furniture, books and apparatus, and the estimated annual expense of supporting the said high school after it is in operation, together with such other information concerning it as the said Board may deem proper, and stating that the question of authorizing the establishment of such high school shall be submitted to the voters of the district at an election to be specified in the said notice", and providing also for the posting of said notice and the holding of said election.

The injunction is not as broad as the prayer of the bill. It was sought also to enjoin defendants from purchasing a certain tract of land for said high school, known as the "Clark site", or any other tract, and from doing any act and from paying out any of the public funds in furtherance of the establishment of said high school, and from in any manner using, setting up, or acting under the bond election hereinafter referred to, and also from creating any indebtedness against said school district, either under said election and proclamation of election, or by any contract or transaction that might be made by said defendants, without having first submitted the questions connected therewith to a vote of the people, etc. The reason, as recited in the order of the court, was that the court was of the opinion that the pleadings do not show that the bonds issued by the said defendant corporation are invalid, and not properly issued and therefore not proper at that time.

The proposition to issue and sell $125,000.00 of bonds, in order to procure money "for the purpose of building, com-

pleting, enlarging, repairing and furnishing the school house,
Triadelphia District High School", was regularly submitted
to the vote of the people in November, 1914, substantially
as provided by chapter 70, Acts of the Legislature 1911; and
was carried at the election by a large majority.

The controlling question presented is whether the establish-
ment of a high school in said district, known as Triadelphia
District High School, and the sale of bonds for the purposes
aforesaid, is controlled by section 28, or by section 30, of chap-
ter 45, Code 1913, then in force. The learned judge of the court
below was of the opinion that section 30, controls. We are
of the opposite opinion; we think section 28 governed the de-
fendants. The pertinent provision of that section is as fol-
lows: "28. In any district in which there is a town, village
or densely populated neighborhood having two or more schools
in the same building, the board of education may establish
a graded school therein and in addition to the graded school
herein provided for, in a town or village having four or more
schools in the same building, a high school may be established,
which shall be open to all pupils of sufficient attainment in
the magisterial district in which the school is located."

It is admitted by counsel and shown by the pleadings that
prior to the action taken in 1914, the board of education, pur-
suant to said section, had established high schools in said dis-
trict, first at Elm Grove, then at Elm Grove and Woodsdale,
and lastly at Edgington, towns and villages in said district,
the last one being designated as Triadelphia District High
School, and it is conceded that the proposition respecting the
establishment of these schools was never submitted to the
people, as provided by said section 30.

If section 28 controls, the motion to reverse should pre-
vail. In the light of prior and subsequent statutes on the
subject, our construction of the two sections is that section
28 is applicable whenever a school district has located therein
a town, village, or a densely populated neighborhood, having
four or more schools in the same building, and that section
30 is applicable in every district where these conditions do
not concur. In Triadelphia District, as is admitted and
shown by the pleadings, there are a number of towns and

villages and also densely populated neighborhoods, having four or more schools in the same building, of which Elm Grove, Woodsdale, and Edgington are instances, and where high schools had been established by said board, and where, as at Edgington, at the time of the action complained of, the board had established a district high school. Since the action of the board complained of, the statute has been amended and section 28 eliminated entirely, and section 30, slightly amended, has been retained, so that in the future that section will be controlling in all cases; but in our opinion it was not controlling at the time the defendant, in 1914, undertook to establish and provide for the high school in question.

The argument is urged that section 28 had no application when a central high school was proposed, but only to high schools established in such towns or villages and when run in connection with the graded schools therein. Neither section 28 nor section 30 calls for a "central high school"; they are all designated "high schools"; and we observe with emphasis that section 28 opens high schools established thereunder "to all pupils of sufficient attainment in the magisterial district in which the school is located."

For these reasons we are of opinion to reverse the decree or order entered below and to remand the cause for further proceedings.

*Decree reversed, and cause remanded.*